Edward PLUMMER, Jr., Plaintiff—
Appellant,

v.

Mike PEARLMAN; Larry A. Malm;
California State Department of
Health Services, Defendants—Appel-
lees.

No. 05–56578.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 11, 2006 *.

Filed April 19, 2007.

Edward Plummer, Jr., Pomona, CA, pro se.

Jerald Mosley, AGCA–Office of the California Attorney General, Los Angeles, CA, for Defendants–Appellees.

Before: FARRIS, BOOCHEVER, and LEAVY, Circuit Judges.

MEMORANDUM **

Edward Plummer, Jr. appeals pro se the district court's grant of summary judg-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

ment in favor of Mike Pearlman and Larry Malm, Plummer's supervisors at the California Department of Health Services (DHS), in Plummer's 42 U.S.C. §§ 1981 & 1983 action alleging claims for retaliation, racial discrimination, and a hostile work environment. Plummer also appeals the district court's award of costs to Pearlman and Malm of $1,800.60. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Universal Health Servs., Inc. v. Thompson*, 363 F.3d 1013, 1019 (9th Cir. 2004), and we affirm.

 Plummer presented insufficient evidence to raise a triable issue of fact whether the reasons given in the Notice of Dismissal were pretextual. While Malm did not believe that Plummer had assaulted Chen and thought dating Chen might be permissible, he did believe that Plummer had had a sexual relationship with Chen and promised her employment. Therefore, Plummer did not produce evidence showing that the reasons given in the Notice of Dismissal were not credible. *See Nidds v. Schindler Elevator Corp.*, 113 F.3d 912, 918 (9th Cir.1996). Moreover, Pearlman's declaration states that dismissal in the first instance in the case of serious misconduct does not violate DHS policy.

The district court did not make credibility determinations when granting defendants' motion for summary judgment. Instead, the district court examined the evidence supporting each allegation in the light most favorable to Plummer.

Plummer's assertion that the district court only considered "separately each alleged discrimination or retaliation, rather than considering the totality of the circumstances" is meritless. The district court specifically considered Plummer's complaints in the aggregate and concluded that they did not establish that Plummer was subject to an adverse employment action.

The district court did not err in holding that DHS's four-day advance notice to Plummer of an investigatory interview was not an adverse employment action. Plummer was provided with notice of the investigative interview. Even if four days is short notice, it is not reasonably likely the complained-of delay in notification would deter an employee from engaging in protected activity. *See Ray v. Henderson*, 217 F.3d 1234, 1243 (9th Cir. 2000).

Plummer failed to present sufficient evidence that he was subjected to: 1) any adverse employment action other than the Notice of Dismissal; and 2) a severe or pervasively hostile work environment. Thus, the district court properly entered summary judgment against his claims for retaliation, racial discrimination and a hostile work environment. *See Brooks v. City of San Mateo*, 229 F.3d 917, 928–29 (9th Cir.2000); *Manatt v. Bank of America*, 339 F.3d 792, 798 (9th Cir.2003).

The district court's judgment and award of costs is AFFIRMED.